**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Waddle,<br><br>    Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Commissioner of the Social Security Administration,<br><br>    Defendant. | CIV 13-2235-PHX-MHB<br><br>**ORDER** |

    Pending before the Court is Plaintiff Gary Waddle's appeal from the Social Security Administration's final decision to deny his claim for disability insurance benefits. After reviewing the administrative record and the arguments of the parties, the Court now issues the following ruling.

**I. PROCEDURAL HISTORY**

    In January 2011, Plaintiff filed an application for disability insurance benefits alleging disability beginning October 2010. (Transcript of Administrative Record ("Tr.") at 13, 153-59.) His application was denied initially and on reconsideration. (Tr. at 67-92.) Thereafter, Plaintiff requested a hearing before an administrative law judge. (Tr. at 104.) A hearing was held on July 25, 2012, (Tr. at 26-66), and the ALJ issued a decision finding that Plaintiff was not disabled (Tr. at 10-25). The Appeals Council denied Plaintiff's request for review (Tr. at 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

\\\

## II.  STANDARD OF REVIEW

The Court must affirm the ALJ's findings if the findings are supported by substantial evidence and are free from reversible legal error. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990).  Substantial evidence means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see Reddick, 157 F.3d at 720.

In determining whether substantial evidence supports a decision, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Reddick, 157 F.3d at 720. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]."  Reddick, 157 F.3d at 720-21.

## III.  THE ALJ'S FINDINGS

In order to be eligible for disability or social security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  An ALJ determines a claimant's eligibility for benefits by following a five-step sequential evaluation:

(1) determine whether the applicant is engaged in "substantial gainful activity";

(2)  determine whether the applicant has a medically severe impairment or combination of impairments;

(3) determine whether the applicant's impairment equals one of a number of listed impairments that the Commissioner acknowledges as so severe as to preclude the applicant from engaging in substantial gainful activity;

(4) if the applicant's impairment does not equal one of the listed impairments, determine whether the applicant is capable of performing his or her past relevant work;

(5) if the applicant is not capable of performing his or her past relevant work, determine whether the applicant is able to perform other work in the national economy in view of his age, education, and work experience.

See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). At the fifth stage, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful work. See Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 4, 2010 – the alleged onset date. (Tr. at 15.) At step two, she found that Plaintiff had the following severe impairments: s/p cervical fusion (X2); s/p mastoidectomy (deafness in left ear); and obesity. (Tr. at 15.) At step three, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Commissioner's regulations. (Tr. at 15-16.) After consideration of the entire record, the ALJ found that Plaintiff retained "the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can never climb ladders, ropes, or scaffolds. He can frequently climb ramps and stairs, frequently balance, frequently stoop, frequently crouch, and frequently kneel. He can occasionally crawl. He should avoid concentrated exposure to non-weather related extreme cold or heat as well as concentrated exposure to excessive vibration. He should also avoid concentrated exposure to dangerous machinery with moving mechanical parts as well as concentrated exposure to unprotected heights."[1] (Tr. at 16-19.) The ALJ determined that Plaintiff was capable of performing past relevant work as a health educator, hospital services director, clinical nurse (emergency services) and clinical nurse

---

[1] "Residual functional capacity" is defined as the most a claimant can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.

- 3 -

1  manager. (Tr. at 20.)  Therefore, the ALJ concluded that Plaintiff has not been under a
2  disability from October 4, 2010, through the date of her decision.  (Tr. at 20.)

## IV. DISCUSSION

In his brief, Plaintiff contends that the ALJ erred by: (1) failing to properly weigh medical source opinion evidence; (2) failing to properly consider his subjective complaints; and (3) failing to properly consider lay witness or third-party statements. Plaintiff requests that the Court remand for determination of benefits.

Plaintiff first contends that the ALJ erred by failing to properly weigh medical source opinion evidence. Specifically, Plaintiff argues that the ALJ improperly rejected the opinions of treating physician, Jesse Babbitz, M.D., and examining physician, Atul Patel, M.D., relying instead upon the reports of reviewing and consultative examiners.

"The ALJ is responsible for resolving conflicts in the medical record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d at 1164. Such conflicts may arise between a treating physician's medical opinion and other evidence in the claimant's record. In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The Ninth Circuit has held that a treating physician's opinion is entitled to "substantial weight." Bray v. Comm'r, Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)). A treating physician's opinion is given controlling weight when it is "well-supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(d)(2). On the other hand, if a treating physician's opinion "is not well-supported" or "is inconsistent with other substantial evidence in the record," then it should not be given controlling weight. Orn v. Astrue, 495 F.3d 624, 631 (9th Cir. 2007).

1    If a treating physician's opinion is not contradicted by the opinion of another
2 physician, then the ALJ may discount the treating physician's opinion only for "clear and
3 convincing" reasons. See Carmickle, 533 F.3d at 1164 (quoting Lester, 81 F.3d at 830). If
4 a treating physician's opinion is contradicted by another physician's opinion, then the ALJ
5 may reject the treating physician's opinion if there are "specific and legitimate reasons that
6 are supported by substantial evidence in the record." Id. (quoting Lester, 81 F.3d at 830).

7    The Court having reviewed the ALJ's evaluation of the objective medical evidence
8 finds that the ALJ did not even mention the opinions or treatment record of Dr. Babbitz. (Tr.
9 at 18-19.) As such, the ALJ necessarily failed to substantiate her implicit rejection of Dr.
10 Babbitz's opinion regarding Plaintiff's limitations and ability to perform work. Because Dr.
11 Babbitz was a treating physician, the ALJ owed his opinion special deference, and the ALJ's
12 failure to set forth specific and legitimate reasons for rejecting Dr. Babbitz's opinion was
13 error. See Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990) (finding that ALJ's implicitly
14 rejected treating physician's opinion by concluding that claimant could perform light work,
15 and ALJ's failure to evaluate the treating physician's findings or conclusions was error);
16 Kreisher v. Astrue, 2011 WL 837147, at * 4 (E.D. Cal., March 9, 2011) (finding that ALJ
17 erred in failing to address claimant's treating physician's medical opinion and remanding for
18 further proceedings); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 (9th Cir.
19 2007) (holding that "[i]t was also legal error for the ALJ to discount the opinions of [the
20 plaintiff's] treating physicians without providing specific and legitimate reasons for doing
21 so"); Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994) (holding "that the ALJ
22 committed a legal error when he failed to grant deference to the conclusions of [plaintiff's]
23 treating physician"). Moreover, the ALJ's error in this regard does not constitute harmless
24 error. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is
25 harmless where it is 'inconsequential to the ultimate nondisability determination.'") (citations
26 omitted). Additionally, since the ALJ utilized and relied upon the objective medical evidence
27 in this case, in part, for discounting Plaintiff's statements regarding his pain and limitations,
28 (Tr. at 16-18), the Court declines to reach Plaintiff's remaining arguments.

1    Therefore, in light of the fact that the Court finds that the ALJ failed to provide
2 specific, legitimate reasons based on substantial evidence in the record for rejecting Dr.
3 Babbitz's opinion, and the fact that the ALJ relied upon an erroneous evaluation of the
4 objective medical evidence, in part, to discount Plaintiff's credibility, the Court will order
5 that the decision of the ALJ be vacated and the case be remanded.

6    "[R]emand for further proceedings is appropriate where there are outstanding issues
7 that must be resolved before a determination can be made, and it is not clear from the record
8 that the ALJ would be required to find claimant disabled if all the evidence were properly
9 evaluated." Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (citing Vasquez v. Astrue,
10 572 F.3d 586, 593 (9th Cir. 2009)). "[T]he proper course, except in rare circumstances, is
11 remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S.
12 12, 16 (2002) (per curiam).  The Ninth Circuit has held that when "additional proceedings
13 can remedy defects in the original administrative proceeding, a social security case should
14 be remanded." Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (remanding "to the
15 Secretary for proper consideration of step three equivalence").  Here, the record contains
16 evidentiary conflicts that make an award of benefits inappropriate and require further
17 evaluation on remand.  Specifically, remand is appropriate for a renewed residual functional
18 capacity assessment, which explicitly considers the opinions and treatment record of Dr.
19 Babbitz in the ALJ's examination of the objective medical evidence and Plaintiff's subjective
20 complaints.

21 \\\
22 \\\
23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

## V.  CONCLUSION

For the reasons discussed in this Order, the Commissioner's decision will be vacated and this matter will be remanded for further administrative proceedings consistent with this Order.

Accordingly,

**IT IS ORDERED** that the Commissioner's decision is **VACATED** and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth in this Order;

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 18th day of February, 2015.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge